UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO.
1:07CV137-J

JONATHAN W. WESTERFIELD                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Jonathan Westerfield ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On June 7, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of August 31, 2000. After a hearing, Administrative Law Judge Schum ("ALJ") determined that claimant's degenerative disc disease of the lumbar spine and major depressive disorder were severe impairments, but that they did not prevent the performance of his past relevant work as a security guard and a cashier. This became the final decision of the Defendant when the Appeals Council denied review on June 7, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that there is not substantial evidence to support the ALJ's conclusion that claimant's condition did not require the use of a cane, and further argues that the ALJ erred in failing to apply the proper standards in evaluating the opinion of a treating source. Mr. Westerfield argues that the issue of his ambulation is critical, given that the jobs identified by the vocational expert fall into the "light" category, involving ability to stand or walk for six hours out of an eight hour day.

The ALJ observed, "He uses a cane to walk. Although he stated that this was prescribed by physicians at the VA Clinic, this is not substantiated by the medical evidence." Tr. 22. Plaintiff points to the notes of his April 22, 2005 visit to the clinic, which include, as part of the treatment plan, "to PT for cane and teaching; to prosthetics for lumbar brace." Tr. 240. Mr. Westerfield also notes the physical therapy consultation request of the same date (a request based on "complaints and findings"), which lists a therapy goal of "optimize use of cane he has. Teach exercises for lumbar

radicular pain improvement. Replace his cane if needed with something improved." Tr. 268. The Commissioner contends that these records do not constitute "medical opinions" and the ALJ was under no duty to give controlling weight to such notations.

The Commissioner directs the Court's attention to Bass v. McMahon, 499 F.3d 506 (6th Cir. 2007), which involved a somewhat similar issue regarding ambulation. In that case, the court stated as follows:

> Dr. Naum made no diagnosis and gave no medical opinion regarding plaintiff's ability to ambulate or his gait. Rather, Dr. Naum only observed that plaintiff exhibited an antalgic gait, moved slowly, and used double-braced canes to assist him. These observations, without more, are not the type of information from a treating physician which will be provided great weight under 20 C.F.R. § 404.1513(b).

499 F.3d at 510.

After studying the circumstances in Bass and those in the case at bar, the Court believes the two are distinguishable. In Bass, the Sixth Circuit explicitly noted that the record included nothing more than the doctor's observation of the patient, and held that this rendered the notes "more like statements made by plaintiff about his conditions." Id. The court held this was properly addressed through a credibility analysis rather than as a treating physician's opinion. In the current case, however, the doctor's observations were not "without more"; instead, the doctor took treatment steps to address ambulation, making a physical therapy request on the basis of "complaints *and findings*" [emphasis added].

Additionally, there are important differences between the two cases in terms of residual functional capacity and vocational testimony. Mr. Bass's residual functional capacity was determined to be in the sedentary range. In contrast, the ALJ determined that Mr. Westerfield "could do a full range of light" work. Tr. 358. The Bass court pointed out that "Mr. Czuczman,

3

the vocational expert, testified that use of a cane and slow walking would not limit plaintiff's ability to perform the jobs he determined plaintiff could do in response to the ALJ's hypothetical." Bass at 510.  In the case at bar, the vocational expert testified that while need to use a cane would not limit a person to sedentary work, "it does limit them to work where the requirement to ambulate is not part of the work."  He further stated, "some light work is classified as light based on being on the feet, not on the lifting requirements."  Tr. 361.

These distinctions between Bass and the case at bar lead the Court to conclude that the ALJ erred in failing to explicitly address the issue of Mr. Westerfield's treating physician's opinion concerning use of the hand-held ambulatory device.  As this error requires remand for a new hearing and reconsideration, the Court will not address further objections at this time.

An order in conformity has this day entered.