UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO.
1:07CV137-J

JONATHAN W. WESTERFIELD                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
          Commissioner of Social Security                        DEFENDANT

<u>MEMORANDUM and ORDER</u>

This Court entered judgment vacating the decision of the Commissioner and remanding for

consideration of the treating physician's opinion regarding use of a hand-held ambulatory device.

The matter is now before the Court on the defendant Commissioner's Fed.R.Civ.P. 59 motion.

The Commissioner points to the testimony of the vocational expert to the effect that light

work is not eliminated by the need to use a cane so long as "the requirement to ambulate is not part

of the work."  Tr. 361.  The Commissioner suggests that Mr. Westerfield's previous work as a

cashier could be performed even if he needed to use a cane to get to and from his work, because he

would not need the cane as *part* of his work.  This is a speculative and improper extension of the

vocational evidence.  There is no evidence that Mr. Westerfield's previous work as a convenience

store cashier could be performed in a seated position, with no need to ambulate.

More importantly, however, remand is necessary because we cannot know what the

Administrative Law Judge would have done had he understood that a cane had been prescribed for

Mr. Westerfield.   The ALJ did not determine that Mr. Westerfield could perform the work if he

needed to use a cane, and the ALJ explicitly (and inaccurately) stated that Mr. Westerfield had not

1

been prescribed a hand-held assistive device.  We must reject the Commissioner's invitation to speculate as to what findings the ALJ could have made if the evidence in the record had been accurately stated and if the evidence regarding the specific ambulatory requirements of Mr. Westerfield's work had been developed.  Accordingly,

IT IS ORDERED that the motion of the Commissioner pursuant to Fed.R.Civ.P. 59(e) is denied.

This is a final order.